No. 341

HEDRICK v. SWEENEY & WISE CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5362. Decided Dec. 11, 1924.

118. AUTOMOBILES—Owner not liable for act of driver when he diverts from his route and drives master's truck into another street and thus abandons business of master to serve a purpose of his own.

SULLIVAN, J.

This case was instituted in the Cuyahoga Common Pleas by Margaret Hedrick, a minor, by her next friend, Katherine Hedrick, wherein action was brought against the Sweeney & Wise Co., for an injury sustained by Margaret due to the negligence of the truck driver, one John Stubor. The counsel for the minor had made his opening statement outlining generally the nature of the injuries and stating that Stubor had been sent by the firm for which he worked from their place of business on Carnegie Ave to Rocky River. He took a route along Superior Ave., and when he arrived at E. 32nd St., he turned there to go to the house of a friend for a purpose of his own. The friend was not at home and Stubor, desiring to continue the original route on Superior Ave. backed onto a private drive,( where Margaret Hedrick was playing.) It was alleged that because of his negligence she sustained the injuries complained of. At the close of the opening statement the company moved the court to direct a verdict in their favor which was so done.

Error was prosecuted to the Court of Appeals. It was contended that as soon as Stubor discovered that his friend was not at home, and mounted the truck he was again within the scope of his master's employ. The Court of Appeals held:

The nature and character of the diversion to 32nd St. must be taken into consideration in order to determine when the business of a personal nature ceased and the business of the master resumed.

The injury was sustained while Stubor was yet on private property and had not yet driven into the street. He was backing out of a driveway.

The business of the driver on 32nd street, whether entering thereon or returning therefrom, was absolutely disassociated from any business or employment under the authorization of the master or within the scope of employment of the driver. His duties in connection with his employment were resumed when he continued to his destination from 32nd St and Superior.

Judgment of the lower court is affirmed.

Attorneys—Jacob DeKaiser and M C Harrison for Hedrick; Rothenberg, McMorris and Smith, for Company; all of Cleveland.

No. 342

WALTERS v CHAPMAN, Admr et

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5877. Decided Feb. 23, 1925.

1279. WORK AND LABOR.—Servant not a relative who continues in employment of wife after husband's death may recover from estate of wife after her death for services to her—Directed verdict against her held erroneous.

VICKERY, J.

In the Cuyahoga Common Pleas, Lizzie Walters brought an action against George Chapman, administrator of the estate of Sarah Powers, deceased, to recover compensation for services rendered to decedent during her life time. It was conceded that Walters was in no wise a relative of the decedent. Some of Common pleas was that Walters under the the facts brought out by the evidence in the statute, was disqualified as a witness and was unable to prove an express contract, but it seems that the decedent transferred to Walters in 1915 a house and lot, and four or five years later some bonds. It is claimed by Chapman that these fully compensated her and as she was in the relation of a daughter she was not entitled to recover thereafter unless there was an express contract.

Before Walters had closed her case the court on its own motion directed a verdict in favor of Chapman, and for this, error is prosecuted. The Court of Appeals held:

1. The court in directing a verdict committed reversible error, since it was admitted that Walters was not related or adopted.

2. The question as to whether she was entitled to compensation under the circumstances was a question of fact to be determined by the jury.

Judgment reversed and case remanded.

Attorneys—S. M. Parks, for Walters; Kees, Marvin & Godfrie, for Chapman; all of Cleveland.