## No. 550

BRAUN & KIPP v. AVERDICK
No. 19064. Supreme Court

On motion t o certify. Dock. April 9, 1925; 3 Abs. 249.

949. PRESUMPTION — Does one exist where one party loans truck and driver to another, that said truck and driver is being used in the business of the first party, making said first party liable for acts of second party in connection with his own business?

This original case was instituted in the Hamilton Common Pleas by Anna Averdick against A. M. Braun and G. J. Kipp, a partnership, for injuries sustained by being struck with a truck belonging to said partnership. Judgment in the Common Pleas Court was rendered in favor of the partnership and on prosecution of error was reversed by the Court of Appeals.

The case is taken to the Supreme Court on motion to certify where it is claimed that:

1. It involves the question whether the loaning of a truck and the driver to another person, for the use by the second party in his own business, raises a presumption that the truck is being used for the business of the loaner, that is, whether it is possible for one party to loan his truck and chauffeur to a second party without making himself liable for the acts of the second party in connection with his own business.

2. It involves the question of whether all cases where one party loaned his truck and driver to another for the use of the latter, in his own business, must be submitted to a jury for determination as to whether his truck is

## OHIO SUPREME COURT—Continued

being operated for the business of the owner of said truck, or for the borrower of same.

3. It raises a question whether a presumption can be raised contrary to the evidence in the case, so as to compel the trial judge to submit the case to the jury, where all the evidence in the case shows that the truck is being operated in the business of another than the owner.

It is contended: That said decision of the Court of Appeals is contrary to the Supreme Court cases of Bretzfelder v. Demaree, 102 OS. 105, and Elms v. Flick, 100 OS. 186, and that said decision of the Court of Appeals is contrary to the decision of the Court of Appeals of the 8th District, Cuyahoga County, No. 5362, decided December 11, 1924, Hedrick v. Sweeney & Wise Co., 3 Abs. 227.

Attorneys—Dorger &Dorger and Allen C. Roudebush, for Braun, et; Jackson & Woodward, for Averdick; all of Cincinnati.